UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-cr-00025-TWP-VTW |
| | ) |
| JAMES HARDEN, | ) -03 |
| | ) |
| Defendant. | ) |

### ORDER

On January 28, 2025, the Magistrate Judge submitted his Report and Recommendation (Filing No. 1010) regarding the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision (Filing No. 997). The parties were afforded due opportunity pursuant to statute and the Local Rules of this Court to file objections, and timely Objections were filed by both the Government (Filing No. 1015) and the Defendant James Harden ("Harden"), (Filing No. 1016). Having reviewed the transcript of the January 27, 2025, violation hearing, the Report and Recommendation, and the parties' Objections, the **objections are overruled,** and the Court **adopts** the Magistrate Judges Report and Recommendation with one **modification.**

### I. FINDINGS OF FACT

On December 5, 2017, Harden was convicted of Count I: Conspiracy to Commit Robbery and Count II: Conspiracy to Brandish a Firearm in Furtherance of a Crime of Violence (Filing No. 700). He was sentenced to 115 months imprisonment, followed by 3 years supervised release. *Id*. Harden was released from BOP, and his supervised release began on April 19, 2024.

On December 17, 2024 Harden's probation officer filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Harden had violated three conditions of his release

(Filing No. 997). At his violation hearing, Harden admitted to violation of the condition that he shall not commit another federal, state or local crime. Specifically, on May 21, 2024, Harden was charged with Operating a Vehicle While Intoxicated Endangering a Person, Operating a Vehicle with Alcohol Concentration Equivalent to at Least .08 but Less than .15, No Headlights Lights, and a Learner's Permit Violation in Vanderburgh County Cause Number 82D06-2405-CM-003335. On September 11, 2024, he plead guilty in state court to Operating a Vehicle While Intoxicated Endangering a Person. The other counts were dismissed, and Harden was sentenced to 60 days electronic home detention.

Harden also admitted that he violated the condition that he "shall not use or possess alcohol." Specifically, On December 10, 2024, he provided a positive breathalyzer sample of 0.020 upon his return to the Residential Re-entry Center (RRC). Additionally, there were several instances of positive breathalyzer samples on the SoberLink mobile alcohol monitoring device. During the initial installation of the device, Mr. Harden provided a positive breathalyzer sample of 0.0885. Mr. Harden also provided positive breathalyzer samples on the following dates: on August 18, 2024, a positive breathalyzer sample of 0.077; on August 22, 2024, a positive breathalyzer sample of 0.029; on October 3, 2024, a positive breathalyzer sample of 0.027; and on December 3, 2024, a positive breathalyzer sample of 0.034.

Harden admitted to violating the third condition of supervised release, that he "shall reside in a residential re-entry center for a term of up to 180 days[,]" and he "shall abide by the rules and regulations of the facility." Harden failed to return to the RRC on December 13, 2024, from his approved employment pass. He was discharged from the RRC, and considered an absconder on December 13, 2024, after all escape and absconder procedures were completed. It was later established that the supervising probation officer was notified on December 16, 2024, that Mr.

Harden had checked himself into an unauthorized detox or treatment facility for a one-week stay, and then continued to reside either at his own residence or the facility.

At the January 27, 2025, hearing, Harden admitted to all three violations in the petition. (Filing No. 1011 at 39). The parties stipulated that the highest grade of violation is a Grade C violation, and Harden has a criminal history category of III, which results in an advisory guideline range of 5-11 months imprisonment. On January 28, 2025, the Magistrate Judge issued a Report and Recommendation that Harden's supervised release should be modified. In addition to the mandatory and other conditions of supervision previously imposed, the following additional conditions were ordered:

> 1. Defendant shall reside in a residential re-entry center (other than the Volunteers of America, if possible) for a period of 180 days. The court prefers a facility where defendant can participate in treatment for alcohol abuse if possible.
>
> 2. Defendant shall participate in treatment for alcohol abuse at least weekly, unless otherwise directed by the U.S. Probation Office.
>
> 3. Defendant shall attend Alcoholics Anonymous meetings weekly, unless otherwise directed by the U.S. Probation Office.
>
> 4. Defendant shall seek and maintain employment.
>
> 5. Defendant shall keep the U.S. Probation Office notified of his residence.
>
> 6. Defendant shall continue to be monitored by mobile alcohol monitoring, such as SoberLink, for the remainder of his term of supervised release, shall abide by all the technology requirements and pay the costs associated with this condition to the extent determined by the U.S. Probation Office.
>
> 7. There shall be zero tolerance for any further violations of supervised release.

(Filing No. 1010 at 4).

## II.  CONCLUSIONS OF LAW

Federal Rule of Criminal Procedure 59(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows: "The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P.59(b)(3).

Harden's counsel objects to the Magistrate Judge's recommendation, asserting that the factors under 18 U.S.C. § 3553 (a)[1] −in particular the nature and circumstances of the violating offense− weigh in favor of reinstatement. Counsel argues the consumption of alcohol on 5 occasions between May 2024 and December 2024, "without any further criminal violations," does not warrant additional conditions (Filing No. 1016 at 4).Counsel points out that "alcohol use disorder (AUD) is a medical condition characterized by an impaired ability to stop or control alcohol use despite adverse social, occupational, or health consequences" and "the lasting changes in the brain caused by alcohol misuse perpetuate AUD and make individuals vulnerable to relapse." *Id*. at 5-6. Counsel asserts that it is a mischaracterization that Harden absconded, rather, Harden did not return to VOA because he went to a one-week program to get alcohol related treatment.

The Government contends the Court should reject the Magistrate Judge's recommendation, revoke the supervised release, and sentence Harden to 6 months imprisonment. The Government

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

points out that the Probation Department worked with Harden by offering treatment programs before filing for a warrant. "They employed great patience and a graduated discipline to attempt to address his history of failing to comply with terms of supervision in a way that allowed him to pursue rehabilitation and employment. Despite all of these efforts, Harden continuously chose not to abide, and now the only sanction that reasonably remains is imprisonment." (Filing No. 1015 at 8).

Having weighed the 3553(a) factors argued by the parties, the Court concludes that Harden has failed to take his conditions of supervision seriously, shown a lack of motivation to change his behavior despite being given opportunities for treatment, and shown no desire to remain lawful. His counsel's assertion that his consumption of alcohol on five occasions "was without any further criminal violations" is not persuasive. A conviction for Operating a Vehicle While Intoxicated Endangering a Person is a criminal violation. And, while it is admirable that Harden sought inpatient alcohol treatment, he was not allowed to do so without the permission of his probation officer.

### III.  ORDER

Based on Harden's noncompliance, the Court **OVERRULES** both parties' Objections (Filing No. 1015, Filing No. 1016), and **ADOPTS** the Magistrate Judge's Report and Recommendation, with one M**ODIFICATION**. (Filing No. 1010). Following his 180 days in the residential re-entry center, Mr. Harden will be placed on GPS electronic monitoring for 30 days to ensure that his whereabouts are known. While on electronic monitoring, he may go to work, worship, and other locations deemed appropriate by his probation officer. Harden shall remain in the custody of the U.S. Marshal until the U.S. Probation Office can secure placement in a residential re-entry center, if that has not yet occurred.

The Probation Officer is directed to prepare an **amended judgment** to reflect the new conditions of supervision.

**IT IS SO ORDERED.**

Date: 2/21/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Pamela S. Domash
DOJ-USAO
pamela.domash@usdoj.gov

James Adrian Earhart
attyearhart@aol.com

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@btlaw.com

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov